**WO**                                                                SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bank of New York Mellon, | No. CV 11-1433-PHX-GMS (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Rae Ribadeneira, et al., | |
| Defendants. | |

Plaintiff Bank of New York Mellon commenced this action for forcible detainer in Maricopa County Superior Court on July 30, 2010 against Defendants Rae Ribadeneira and Doe occupants I through X, case# CV2010-94820. The address of the real property at issue is 10632 East Blue Sky Road, Scottsdale, Arizona 85262 (the Property). On July 19, 2011, Christopher Stoller, who is and was an inmate in the Lake County Jail in Waukegan, Illinois, removed this case from state court.[1] In an Order filed on August 17, 2011, the Court remanded the case to state court. (Doc. 22.) Stoller has filed a motion for reconsideration and a motion for appointment of a guardian ad litem. (Doc. 27, 28.) Both motions will be

---

[1] Christopher Stoller previously commenced a case in federal court, Stoller v. Bank of New York Mellon, No. CV11-1105-PHX-GMS, concerning the same property and issues. Because he failed to use this District's approved form for incarcerated persons to seek leave to proceed *in forma pauperis*, the Court denied his request in that case with leave to pay the fee or to file the approved form within 30 days. Instead, Stoller filed an interlocutory appeal, which remains pending.

denied.

**I.    Background**

As noted above, Mellon commenced this case in state court for forcible detainer on July 30, 2010 Defendants Rae Ribadeneira and Doe occupants I through X, case# CV2010-94820.

On August 9, 2010, Stoller removed this case from state court to the District Court for the District of Northern Illinois. See Bank of New York Mellon v. Ribadeneira, No. CV2010-04991.[2] On September 30, 2010, that court granted Mellon's motion to remand because Stoller was not a defendant, 28 U.S.C. § 1441(a), and the Northern District of Illinois was not the appropriate venue. Id., Order filed Sept. 30, 2011, doc. 20. Subsequently, the Seventh Circuit Court of Appeals dismissed Stoller's appeal. Id., No. 10-3295 (7th Cir. Mar. 17, 2011). On May 17, 2011, *Leo* Stoller (Leo), who is Christopher's brother, again removed the case to federal court in this District. See Bank of New York Mellon v. Ribadeneira, No. CV11-0982-PHX-FJM. On July 8, 2011, Judge Martone remanded this case back to state court based on the lack of subject matter jurisdiction. Id., doc. 27.

On July 19, 2011, Christopher Stoller (hereafter, Stoller), filed a document captioned "Notice of Filing Notice of Removal and Answer and Pauperis Petition" removing the case from state court with a "Motion for Permission to Appeal *In Forma Pauperis*."[3] (Doc. 1, 2.)

---

[2] See https://ecf.ilnd.uscourts.gov/doc1/06718227863 (last visited on Aug. 10, 2011).

[3] Lower federal courts lack jurisdiction to review state court decisions, and state court litigants may only obtain federal review by filing for a writ of certiorari in the Supreme Court of the United States. Mothershed v. Justices of the Supreme Court, 410 F.3d 602 (9th Cir. 2005) (citing Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983)). The "Rooker-Feldman" doctrine applies "to cases of the kind from which it acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Mothershed, 410 F.3d at 606.

- 2 -

The next day, Stoller filed a corrected notice of removal and answer and a motion/petition for criminal contempt. (Doc. 6, 7.) On July 26, 2011, Plaintiff Bank of New York Mellon (Mellon) filed a motion to remand to state court. (Doc. 8.) On July 29, 2011, Stoller filed a second corrected notice of removal. (Doc. 10.) On August 1, 2011, Stoller filed a motion for a temporary restraining order; a motion to correct caption; and a motion to disqualify counsel, to appoint a guardian ad litem, and to appoint counsel to represent him. (Doc. 12, 13, 15.) On August 3, 2011, Stoller filed a motion for extension of time to seek counsel and to file a response to Plaintiff's motion to remand. (Doc. 17.)

In its Order remanding the case to the state court, this Court stated:

> A "defendant" may remove a civil action brought in state court over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). That is, a civil action that could have originally been brought in federal court may be removed from state to federal court.[4] Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). However, courts strictly construe the removal statute, 28 U.S.C. § 1441, against removal jurisdiction and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). In addition, the law of the case doctrine applies to a successive removal by the same party on the same grounds where nothing of significance has changed since the prior removal. Midlock v. Apple Vacations West, Inc., 406 F.3d 453, 457 (7th Cir. 2005); Benson v. SI Handling Syst., Inc., 188 F.3d 780, 783 (7th Cir. 1999) (citing Christianson v. Colt Indust. Operating Corp., 486 U.S. 800, 816-17 (1988).); see Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 53 (1st Cir. 2009) (after a case has once been remanded following removal, it may not be removed again unless subsequent circumstances bring a previously unremovable case within the removal jurisdiction of federal courts); Zufelt v. Isuzu Motors America, L.C.C., 727 F.Supp.2d 1117, 1122 (D. N.M. 2009) (after a case has once been remanded following removal, it may not be removed again absent a change in circumstances brought about by voluntary action by the plaintiff); Jordan v. Equity Group Eufaula Div., LLC, 664 F. Supp.2d 1246 (M.D. Ala. 2009); De La Sancha v. Taco Bell of America, Inc., No. CV08-81325, 2008 WL 5111331, at *2 (S.D. Fla. 2008); Barahona v. Orkin, No. CV08-04634, 2008 WL 4724054, at *2 (C.D. Cal. Oct. 21, 2008); see also Brown v. Jevic, 575 F.3d 322, 328 (3d Cir. 2009); Johnson v. America Online, Inc., 280 F. Supp.2d 1018, 1022 (N.D. Cal. 2003).
>
> As noted by the Illinois District Court, Stoller is not a "defendant" in this case. Indeed, despite the pendency of this case for more than a year, *and*

---

[4] A federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between citizens of different States. 28 U.S.C. § 1332.

his previous removal of this action from state court resulting in the previous remand, Stoller has not sought to intervene in this case. Moreover, Stoller again removed this case following remand on the same grounds as previously and despite the absence of any significance change. Because Stoller is not a defendant in this action and in accordance with the doctrine of law of the case, this case will be remanded to state court and the pending motions denied.

(Doc. 22 at 3-5.)

## II. Standard for Reconsideration

Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rather, such arguments should be directed to the court of appeals. Sullivan v. Faras-RLS Group, Ltd., 795 F. Supp. 305, 309 (D. Ariz. 1992).

Stoller seeks reconsideration on the basis that Mellon failed to state a claim in its Complaint and is not the real party in interest and asserts that he is. He also moves for a determination that he has standing. He otherwise asks the Court to rethink what it has already thought through. As stated above, that is not a proper basis for reconsideration. Stoller fails to allege or establish that reconsideration is warranted based on newly discovered evidence, clear error or a manifestly unjust decision, or an intervening change in controlling law. Accordingly, Stoller's motion for reconsideration will be denied.

Stoller also asks the Court to appoint a guardian ad litem. This case has been remanded to Arizona state courts and is no longer before this Court. Accordingly, Stoller's motion for appointment of guardian ad litem will be denied.

**IT IS ORDERED:**

(1) Christopher Stoller's motion for reconsideration is **denied**. (Doc. 27.)

1    (2)   Stoller's motion for appointment of guardian ad litem is **denied**.  (Doc. 28.)

2    (3)   The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.
3 § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this
4 decision would not be taken in good faith.

5    DATED this 30th day of August, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge